[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The maternal grandmother, Betty Shovenac, has asked for reconsideration of the court's order that she submit an accurate financial affidavit for the court's examination of the application by the child's counsel for a fee allowance.
Said maternal grandmother asserts she has no obligation to submit the affidavit since, she claims, she has no support obligation.
The maternal grandmother may, ultimately, prove to be right on the lack of jurisdiction for the court to order her to pay fees. However, her presence in the case is clear and the court should have all the information it needs when considering the legal obligation, if any, on the part of the maternal grandmother.
To date, the maternal grandmother has:
 a) signed a stipulation accepting primary residence of the child.
 b) been named a respondent in a protective order involving the child;
c) for a pro se appearance "for relief only" (sic);
 d) been the participant and beneficiary of visitation orders negotiated for her by Attorney Hesslin who identifies herself as "for the Resp. Betty Shovenac";
 e) directed Attorney Hesslin to represent her in this file, at least for limited purposes.
Whether there is a creature known as a "limited appearance" and whether one who seeks and obtains judicial intervention on custody and visitation has liability for fees, are legal questions yet to be debated and decided.
The order concerning the submission of a financial affidavit is CT Page 6891 restated and compliance shall be completed by 6/01/01.
DANIEL E. BRENNAN, JR., J.